# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 NOV 18 AM 8: 37

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERT HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-099 |
| | ) | |
| CATHY TANNER, TIMOTHY JONES, | ) | |
| SHEVONDAH FIELDS,[1] SHARON | ) | |
| LEWIS, SHEANDRA CALHOUN, and | ) | |
| BRIAN OWENS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Valdosta State Prison in Valdosta, Georgia,[2] seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

---

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect that Defendant Fields's first name is "Shevondah." (See doc. no. 1, pp. 1, 4.)

[2] At the time he filed his complaint, Plaintiff was incarcerated at Johnson State Prison ("JSP"), where the events giving rise to the complaint allegedly took place.

§§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II.   DISCUSSION

### A.   Prior Filing History

As an initial matter, the Court notes that prior to filing the instant case, Plaintiff filed a separate case in the Middle District of Georgia that was subsequently transferred to this District in which he named the same individuals as Defendants and raised substantially similar claims: Heard v. Tanner, CV 311-082, doc. no. 1 (S.D. Ga. Aug. 8, 2011). That case was dismissed pursuant to 28 U.S.C. § 1915(g). Id., doc. no. 9, *adopted as opinion of District Court*, doc. no. 12. Undeterred by the dismissal of his previous case, Plaintiff again attempts to bring what are substantially similar claims before this Court. Plaintiff's complaint is again

---

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

due to be dismissed without prejudice, and his motion to proceed IFP is due to be denied.

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Heard v. Wetherington, CV 102-2944 (N.D. Ga. Dec. 5, 2002) (dismissing case as frivolous on initial screening); (2) Heard v. Ga. State Prison, CV 601-115 (S.D. Ga. Jan. 3, 2002) (dismissing case for failure to exhaust administrative remedies[4]); and (3) Heard v. Hall, CV 600-105 (S.D. Ga. Mar. 15, 2001) (dismissing case on initial screening for failure to state a claim). As Plaintiff filed a complaint that was dismissed for being frivolous or for failing to state a claim in each of the cases cited above, these previously dismissed cases and appeal qualify as strikes under § 1915(g). Indeed, Plaintiff acknowledges in his complaint that he is a "3 striker."[5] (Doc. no. 1, p. 4.) As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

## B.    Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.

---

[4]The Eleventh Circuit has held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d at 731.

[5]While the Court need not delve into the extent of Plaintiff's status as a serial filer, a cursory review of his litigation history reveals that he has commenced well over 100 cases and appeals in federal courts throughout Georgia, the majority of which were prison condition cases dismissed under the three-strike provision of § 1915(g). See, e.g., Heard v. Deal, 1:11-CV-0954 (N.D. Ga. Mar. 31, 2011) (dismissing case pursuant to § 1915(g) and collecting Plaintiff's previous cases).

3

1999). In addition, the Court looks to <u>Brown v. Johnson</u>, 387 F.3d 1344 (11th Cir. 2004), for guidance on the issue of what constitutes "imminent danger of serious physical injury." In <u>Brown</u>, the plaintiff alleged a total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications; thus, the Eleventh Circuit concluded that, viewed together, the afflictions of which the plaintiff complained (including his HIV and hepatitis), and the alleged danger of more serious afflictions if he was not treated, constituted imminent danger of serious physical injury. <u>Id.</u> at 1350.

Here, unlike in <u>Brown</u>, Plaintiff's claims do not fall within the imminent danger exception. As in his previous case, Plaintiff again attempts to meet the imminent danger exception by alleging that he has Hepatitis C, which he fears might someday become worse without treatment. (<u>See</u> doc. no. 1, p. 6.) But while Plaintiff states that he was not receiving treatment for his Hepatitis C at JSP (<u>id.</u>), he does not explain how he was in imminent danger of serious physical injury at the time he filed his complaint: unlike in <u>Brown</u>, Plaintiff does not allege that all treatment had been withdrawn. In fact, Plaintiff does not indicate that he currently requires any treatment for his Hepatitis C, and he does not state that he has suffered any symptoms other than to state generally that he fears he may suffer some harm in the future. (<u>Id.</u> at 6.)

Furthermore, although Plaintiff parrots many of the legal standards relating to deliberate indifference to serious medical needs (<u>id.</u> at 6, 10), he does not explain how any Defendants denied him medical care. Instead, the claims that Plaintiff attempts to assert in his complaint focus on the grievance procedure at JSP rather than his medical care. (<u>See id.</u> at 5, 7-10.) In particular, Plaintiff asserts that Defendants use and manipulate Georgia Standard Operating Procedure ("SOP") II B05-0001, which concerns grievance procedure, to violate

4

Plaintiff's constitutional rights. (Id. at 9.) In his demand for relief, Plaintiff states, "I ask first that this Court cause Defendants to change IISOP-B-05-0001 and make it afford a remedy and comply with federal and state laws." (Id. at 5.) Only secondary to this request does Plaintiff seek "any award this Court deems proper like medical help, treatment," which further undermines his assertion that his claims fall within the imminent danger exception. (Id.)

In short, Plaintiff does not set forth allegations that specify how any of the named Defendants were responsible for his allegedly inadequate medical care other than to say that they should decide grievances in his favor.[6] Rather, Plaintiff again sets forth general allegations regarding his medical condition in an attempt to overcome § 1915(g)'s three strikes provision so that he can bring claims against Defendants primarily regarding the purported mishandling of grievances that he has filed.[7,8] This approach is not permitted, as Plaintiff may only proceed with claims that fall within the imminent danger exception. See Joiner v. Mason, No. 209-CV-243, 2011 U.S. Dist. LEXIS 55580, at *11 (M.D. Ala. May 23, 2011) (noting that

---

[6]The Court also notes that since filing his complaint, Plaintiff has been transferred to Valdosta State Prison. (Doc. no. 3.) Thus, to the extent Plaintiff requests that Defendants make sure that JSP officials provide him with the medical care he desires for his Hepatitis C, officials at Valdosta State Prison are now in charge of Plaintiff's medical care.

[7]Of note, the Eleventh Circuit has held that "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam).

[8]Plaintiff argues that he should be allowed to amend his complaint before having his claims dismissed. (Doc. no. 1, p. 5.) While the case law does provide that a *pro se* plaintiff should be given a chance to amend "[w]here a more carefully drafted complaint might state a claim," Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citation omitted), Plaintiff's current complaint is but another attempt to end run the three strikes status and he provides no details of how any requested amendment would properly state a claim. Moreover, prior to filing the instant complaint, Plaintiff was clearly instructed that, given his "3 striker" status, his attempt to piggy-back his grievance claims on a vague deliberate indifference to medical needs claim is improper. Heard, CV 311-082, doc. no. 9.

5

plaintiff had been allowed to proceed only with claims that met imminent danger exception); Lester v. Burnside, No. 5:09-CV-412, 2009 U.S. Dist. LEXIS 123822, at *3 n.1 (M.D. Ga. Dec. 28, 2009) (allowing plaintiff subject to three strikes rule to proceed IFP with regard to claims that met imminent danger exception but not with respect to other claims that failed to qualify for that exception). Notwithstanding his general allegations of inadequate medical care, Plaintiff's attempted claims do not qualify for the imminent danger exception; therefore, he has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 18th day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6