ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN 11  P 3: 27

CLERK _____
SO. DIST. OF GA.

ROBERT HEARD,                         )
                                      )
       Plaintiff,                     )
                                      )
v.                                    )   CV 311-099
                                      )
CATHY TANNER, TIMOTHY JONES,          )
SHEVONDAH FIELDS, SHARON              )
LEWIS, SHEANDRA CALHOUN, and          )
BRIAN OWENS,                          )
                                      )
       Defendants.                    )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 6). In the R&R, the Magistrate Judge found that because Plaintiff is subject to the "three strikes" provision of 28 U.S.C. § 1915(g), he cannot proceed *in forma pauperis* unless he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. no. 4, p. 3.) The Magistrate Judge found that Plaintiff was improperly attempting to "piggy-back" his grievance claims against Defendants on "a vague deliberate indifference to medical needs claim" based on Plaintiff's allegation that he is not receiving treatment for Hepatitis C. (Id. at 5 n.8.) Plaintiff's objections are largely a reiteration of the arguments in his complaint. However, one point merits further discussion.

Perhaps in an attempt to satisfy the imminent danger exception, Plaintiff asserts in

his objections that on "November 21," he went to a doctor, who told him that he had a "malignant (something)" in his liver. (Doc. no. 6, p. 2.) However, Plaintiff's vague and belated attempt to cure the deficiencies in his pleadings is an insufficient reason to disturb the Magistrate Judge's opinion, particularly because Plaintiff has not alleged that the "malignant (something)" is a result of his Hepatis C. Furthermore, Plaintiff's argument is that he was in imminent danger at the time he filed his complaint on September 9, 2011, yet his latest allegations relate to a time many weeks beyond that date. However, a prisoner must be in imminent danger at the time he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). The Magistrate Judge correctly observed that Plaintiff's complaint gave no indication that Plaintiff requires treatment for his Hepatitis C, and Plaintiff did not explain how he was in imminent danger at the time he filed his complaint (doc. no. 4, p. 4).[1]

Moreover, as the R&R pointed out, this is not Plaintiff's first attempt to bring a grievance claim under the guise of an Eighth Amendment claim: in a previously filed case with substantially similar allegations, Plaintiff was instructed that his attempt to bring grievance claims against Defendants with vague assertions regarding his Hepatitis C is improper. Heard v. Tanner, CV 311-082, doc. no. 9 (S.D. Ga. Sept. 28, 2011), *adopted as opinion of District Court*, doc. no. 12. This further counsels against disturbing the Magistrate Judge's decision.

---

[1] Furthermore, as the R&R noted, since Plaintiff filed his complaint, he has been transferred to Valdosta State Prison from Johnson State Prison, which is where the allegations in his complaint took place. (Doc. no. 4, p. 5, n.6 (citing doc. no. 3).) "Thus, to the extent Plaintiff requests that Defendants make sure that [Johnson State Prison] officials provide him with the medical care he desires for his Hepatitis C, officials at Valdosta State Prison are now in charge of Plaintiff's medical care." (Id.)

In sum, Plaintiff's objections are without merit. Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** (doc. no. 2) and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 10 day of January, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE